# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INFINITY FLUIDS, CORP., )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>GENERAL DYNAMICS LAND )<br>SYSTEMS, INC., )<br>    Defendant. )<br> ) | **CIVIL ACTION<br>NO. 14-40089-TSH** |

## ORDER

**May 1, 2015**

Hennessy, M.J.

  Pursuant to 28 U.S.C. § 636(b)(1)(A), by an order of reference (Docket #43), this matter was referred to me for a ruling on Plaintiff Infinity Fluids' ("Infinity") Motion to Amend Scheduling Order (Docket #38), and Infinity's Motion to Enforce Judge Hennessy's December 17, 2014 Discovery Order (Docket #40). In ruling on these motions, the court also considers an Omnibus Opposition filed by Defendant General Dynamics Land Systems, Inc. ("GDLS") (Docket #42); Infinity's reply brief (Docket #48); and, GDLS's sur-reply brief (Docket #52). The parties appeared before me at a hearing on May 1, 2015 and, after consideration of the pleadings and oral argument, I make the followings orders consistent with my rulings in court:

  <u>The Motion to Amend the Scheduling Order</u>

  In accordance with Fed. R. Civ. P. 16(b) and L.R. 16.1(g), a scheduling order may be modified "only upon a showing of good cause supported by affidavits, other evidentiary materials, or references to pertinent portions of the record." L.R. 16.1(g). "The 'good cause' test requires a showing that despite due diligence by the party seeking the extension, the deadline in

the scheduling order could not reasonably be met." McLaughlin v. McDonald's Corp., 304 F.R.D. 45, 50, n.4 (D. Mass. 2001). The court is satisfied that Infinity has been diligent in conducting discovery.[1] The motion to amend the scheduling order is therefore GRANTED-IN-PART, so that the current deadlines will be extended sixty (60) days from today. Infinity had requested 120 days, but based on the representations by counsel at today's hearing, the court is satisfied that an extension of sixty (60) days from today will be sufficient time for Infinity to conduct its outstanding discovery. Accordingly, the new, further amended deadlines are as follows:

| | |
|---|---|
| Discovery completed | July 1, 2015 |
| Plaintiff's expert designation | August 17, 2015 |
| Plaintiff's expert deposition completed | October 14, 2015 |
| Defendant's expert designation | September 14, 2015 |
| Defendant's expert deposition completed | October 14, 2015 |
| Dispositive motions due | November 4, 2015 |

---

[1] The court notes that Infinity first served its discovery requests on September 5, 2014. GDLS sent its responses on October 9, 2014. On October 22, 2014, Infinity responded by letter to GDLS identifying deficiencies with the responses. Once the parties conferred and were unable to resolve their discovery dispute, Infinity filed a motion to compel on November 10, 2014. The court held a hearing on December 16, 2014, and ordered GDLS to produce some of the discovery in dispute by January 16, 2015. Infinity sent GDLS more correspondence in January 2015 to further clarify the categories of information that it sought. Infinity then moved, on February 5, 2015, to further amend the scheduling order. The court is satisfied that Infinity has more than established 'good cause' to obtain an extension of the deadlines.

The Motion to Enforce the December 17, 2014 Order

The December 17, 2014 Order (Docket #36) stemmed from Infinity's motion to compel GDLS to respond to varied discovery requests, including primarily those seeking information relating to Infinity's damages claims. The court granted the motion (in-part) and ordered GDLS to respond to the requests as they pertain "only to the 'GDLS Trade Study' and the 'GDLS Heating Application,'" as opposed to the entire Expeditionary Fighting Vehicle project. (Id.). The court ordered GDLS to supplement its responses on or before January 16, 2015. (Id.). Citing numerous "deficiencies" in the responses, Infinity filed another motion, this time to enforce the December 17, 2014 Order. (Docket #40). As noted at today's hearing, that motion is GRANTED. Accordingly,

- With respect to Infinity's **Document Request Nos. 21-22, 34-37, 39, 50-56, 59-61, 63, 66-68**, on or before May 15, 2015, GDLS is ORDERED to serve an affidavit (or affidavits), signed under oath by the appropriate officer(s) or agent(s), outlining which information or documents could not be produced, or do not exist, and why. (Infinity's Document Requests were submitted at Docket #40-1, p. 14)

- With respect to **Interrogatory Nos. 2, 10, 12, 16, 18, 20, 22**, on or before May 15, 2015, GDLS is ORDERED to serve revised, specific answers to these interrogatories. (Infinity's Interrogatories were submitted at Docket #40-2, p. 2). For any interrogatory to which GDLS answers by referring Infinity to documents it has produced, GDLS must specify the documents in sufficient detail to enable Infinity to locate and identify the documents that support its answer. See Fed. R. Civ. P. 33(d).

- On or before May 15, 2015, GDLS is ordered to produce to Infinity the "statement of work," or "scope of work," referenced in the 2008 EFV SDD-2 Contract.

- On or before May 15, 2015, GDLS is ORDERED to produce to Infinity, all invoices/vouchers with their supporting continuation sheets, for the time period June 2009 – June 2010.

## CONCLUSION

It is therefore ORDERED that Plaintiff's Motion to Amend Scheduling Order (Docket #38) be GRANTED-IN-PART, and Plaintiff's Motion to Enforce Judge Hennessy's December 17, 2014 Discovery Order (Docket #40) be GRANTED. Further, GDLS is ORDERED to comply with its aforementioned discovery obligations on or before May 15, 2015.

/s/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE