UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INFINITY FLUIDS, CORP., )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>GENERAL DYNAMICS LAND )<br>SYSTEMS, INC., )<br>    Defendant. )<br> ) | CIVIL ACTION<br>NO. 14-40089-TSH |

**ORDER**
**July 23, 2015**

Hennessy, M.J.

  Pursuant to 28 U.S.C. § 636(b)(1)(A), by an order of reference (Docket #69), this matter was referred to me for a ruling on Plaintiff Infinity Fluids' Motion for Protective Order of Witness Robert Evans (Docket #64). Defendant General Dynamics Land Systems, Inc. ("GDLS") has filed an opposition. (Docket #67). For the reasons that follow, Infinity's motion is denied.

 I. BACKGROUND

  Infinity moves to protect the deposition testimony of its founder, president and owner, Robert Evans, who GDLS deposed in October 2014. At the October 2014 deposition, Mr. Evans appeared on behalf of Infinity as the Rule 30(b)(6) designee on all topics addressed.[1] GDLS served a motion to depose Mr. Evans in his individual capacity. Infinity moves to protect this deposition, and as grounds, Infinity claims another deposition of Mr. Evans would be

---

[1] Infinity also points out that Mr. Evans was deposed as its Rule 30(b)(6) designee in a prior declaratory judgment action between the parties. This argument is of no moment here. GDLS informs the court that the deposition in the prior action was limited to unrelated matters, and did not address the merits or substance of Infinity's claim. (Docket #67, n.2).

duplicative, would harass or otherwise unduly burden Infinity, and would give GDLS an opportunity to address any flaws in questioning that it has identified since the October 2014 deposition.  Moreover, Infinity represents that it "is a small company, run solely by the expertise of Mr. Evans, and prolonged time out of the office negatively impacts the company."  (Docket #64, p.5).  Infinity argues that it warned GDLS before the October 2014 deposition that Mr. Evans would appear only one time, and that he would be available to answer all questions "in either his individual and/or as a corporate representative for Infinity Fluids."  (Docket #64-3).

      GDLS replies that it does not matter that Infinity wanted to spare its client a second day of deposition testimony, and that regardless of any efforts by Infinity to control the discovery process, GDLS is entitled to take a one-day, local deposition of Mr. Evans, who is the sole witness identified by Infinity in this action.[2]  GDLS contends the Mr. Evans was "evasive" during his 30(b)(6) testimony regarding certain topics; i.e., the grounds for Infinity's claims of fraudulent misrepresentation and for damages.  GDLS wants the opportunity to follow-up on the Rule30(b)(6) testimony to determine what Mr. Evans knows.

      In order to avoid any follow-up questioning, once counsel for Infinity received Mr. Evans's notice of deposition, she requested a list of topics that GDLS planned to cover.  Infinity's counsel sought the list of topics to "limit the deposition to topics which Mr. Evans had not previously testified to in October."  (Docket #64, p.3).  GDLS refused her request.  (Docket #64-5; "As for Bob, I am not going to id [sic] in advance what I am going to ask him.").  In the event that the court denies the motion for protective order, Infinity asks that GDLS be instructed to limit its inquiry into "new topics that were not previously addressed in [Evans's] prior

---

[2]  During the Rule 30(b)(6) deposition, counsel for GDLS expressly reserved his client's right to examine Mr. Evans in his individual capacity at a later date.  (Docket #67-1, p.3).

depositions and requests that GDLS provide a list of those topics prior to any subsequent deposition." (Docket #64, p.5). GDLS contends it is entitled to ask Mr. Evans anything relevant to this litigation.

II.     ANALYSIS

   1. Is Infinity Entitled to the Protective Order?

"For good cause," the court may enter a protective order or limit discovery from any person from whom discovery is sought. Fed. R. Civ. P. 26(c). The burden is on Infinity, the party seeking the protective order, to demonstrate good cause. Pub. Citizen v. Liggett Grp., Inc., 858 F.2d 775, 789 (1st Cir. 1988). The district court has the discretion to limit discovery, if it determines that "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive …." Fed. R. Civ. P. 26(a)(2)(i).

Infinity claims another deposition of Mr. Evans would be duplicative and burdensome; but, Mr. Evans testified at the October 2014 deposition on behalf of Infinity, not himself. While there may be little difference between what Mr. Evans knows individually, and what he knows as the owner of a very small company, there is a difference. For example, a witness appearing pursuant to a Rule 30(b)(6) deposition has a much greater responsibility to prepare and to educate himself to answer questions that go beyond what he knows. Rule 30(b)(6) implicitly requires designated persons "to review all matters known or reasonably available to [them] in preparation for the 30(b)(6) deposition." Calzaturficio S.C.A.R.P.A. v. Fabiano Shoe Co., Inc., 201 F.R.D. 33, 36 (D. Mass. 2001) (quoting United States v. Taylor, 166 F.R.D. 356, 362 (M.D.N.C. 1996)). Under Rule 30(b)(6), "[t]he burden on the designee is significant but appropriate given that he/she speaks for (and binds) the corporation." Berwind Prop. Group, Inc.

v. Environmental Mgmt. Group, Inc., 233 F.R.D. 62, 65 (D. Mass. 2005).  It is therefore unquestionably more burdensome to testify at a Rule 30(b)(6) deposition than an individual deposition, because the designee must educate himself on various matters that may not have been part of what he knows from his own experience.  In contrast, the individual deposition merely seeks information known to the individual deposed (recognizing that the individual shoulders a minimal burden of reviewing emails, notes or other documents relating to claims and defenses in the action).

While it is understood that parties cannot use depositions to waste time or to go on fishing expeditions, Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189, 192 (1st Cir. 2001), it is also axiomatic that a deposition under Rule 30(b)(6) "does not preclude a deposition by any other procedure allowed by these rules."  Fed. R. Civ. P. 30(b)(6).  Moreover, as even Infinity admits, Mr. Evans's testimony is central to this case.  Infinity has not carried its burden to establish good cause to convince the court to prevent the deposition; GDLS is entitled to depose Mr. Evans.

2. Must GDLS Identify the Topics it Seeks to Cover During Mr. Evans's Deposition?

The Federal Rules of Civil Procedure do not require a party who seeks a deposition to prepare a list of subject matters, unless the deposition is directed to an organization pursuant to Rule 30(b)(6).  Infinity argues that, since the October 2014 deposition, its claims have remained the same, so that Mr. Evans could have offered the same testimony in October 2014 as he would offer today.  While that may be the case, GDLS is still entitled to ask questions of a key witness for Infinity.  However, the scope of GDLS's questioning is not unlimited.  GDLS is reminded and cautioned that the scope of inquiry at Mr. Evans's deposition must be limited to those questions directed to Mr. Evans's individual knowledge.  In other words, GDLS cannot ask or re-

ask any questions to Mr. Evans that are directed to him in his capacity as a representative for Infinity.

III.    CONCLUSION

Accordingly, based on the foregoing, it is ORDERED that Plaintiff's Motion for Protective Order of Witness Robert Evans (Docket #64) be DENIED.

/s/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE